**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JOSUE ISAIAS M.P.,

Petitioner,

v.

DAVID EASTERWOOD, Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as acting director of U.S. Immigration and Customs Enforcement; TODD BLANCHE, in his official capacity as acting Attorney General of the United States; JOEL BROTT, Sherburne County Sheriff,

Respondents.

Case No. 26-CV-3063 (NEB/JFD)

ORDER

---

This matter is before the Court on Petitioner Josue Isaias M.P.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Josue Isaias M.P. is a citizen of El Salvador who entered the United States in 2013. (Pet. ¶ 22; ECF No. 6 ¶ 4.) In 2013, Josue Isaias M.P. was served a notice to appear. (ECF No. 6-3 at 2.) He was released on bond. (*Id.*) In 2024, an immigration judge granted a motion to administratively close the case. (*Id.*)

Josue Isaias M.P. is the sole financial provider for his wife and two daughters, each of whomare United States citizens. (Pet. ¶¶ 22–23, 31.) He has deferred action and work

authorization related to his pending U visa petition. (Pet. ¶¶ 4, 27–28.) Respondents have not revoked Josue Isaias M.P.'s deferred action status, which is valid until May 23, 2028.[1] (Pet. ¶ 4.)

On June 11, 2026, local law enforcement detained Josue Isaias M.P. for a DUI and misdemeanor drug possession. (Pet. ¶¶ 6, 29; ECF No. 6 ¶ 6.) The next day, after Josue Isaias M.P. posted bond, ICE served an I-200 warrant and took Josue Isaias M.P. into custody. (Pet. ¶¶ 7, 29–30; ECF No. 6 ¶¶ 6–7; ECF No. 6-1; ECF No. 6-2.) Weeks later, Respondents served a redlined notice to appear. (ECF No. 6-5.)

Josue Isaias M.P. filed a habeas action challenging his detention. Because Josue Isaias M.P.'s detention violates due process, the Court grants the petition in part and orders Respondents to provide a bond hearing.

## ANALYSIS

### I. Due Process

The Court has already concluded that petitioners similarly situated to Josue Isaias M.P. have an important liberty interest—freedom from physical restraint—that is protected by the Due Process Clause.[2] *Felipe S.P. v. Blanche*, No. 26-CV-2212 (NEB/DJF), 2026 WL 1911656, at *2 (D. Minn. July 2, 2026). Detention is a "constitutionally

---

[1] Respondents suggest that they intend to revoke Josue Isaias M.P.'s deferred action status, but Respondents do not present any evidence that they have done so. (ECF No. 5 at 2.)

[2] Likewise, the Court has already concluded that precedent does not foreclose these constitutional challenges to detention. *Felipe S.P.*, 2026 WL 1911656, at *4–6 (distinguishing *Demore v. Kim*, 538 U.S. 510 (2003); *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024); and *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020)).

permissible" part of removal proceedings. *Demore v. Kim*, 538 U.S. 510, 531 (2003). But when detention implicates a protected liberty interest, it must serve a constitutionally acceptable purpose. *See Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024). Ensuring appearance at future immigration proceedings and limiting threats to public safety are interests that can justify detaining noncitizens like Josue Isaias M.P. *Felipe S.P.*, 2026 WL 1911656, at *4. As in *Felipe S.P.*, the Court assesses Josue Isaias M.P.'s due process claim using the balancing framework from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Felipe S.P.*, 2026 WL 1911656, at *7. This framework weighs: (1) the private interest affected by government action; (2) the risk of erroneous deprivation of that interest based on the current procedures, and the probable value of additional or other procedural safeguards; and (3) the government's interest, "including the function involved and the fiscal and administrative burdens" of additional process. *Mathews*, 424 U.S. at 335.

***Private interest.*** Josue Isaias M.P.'s interest in being free from detention is fundamental and essential to his liberty. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Over the course of his thirteen years living in the United States, Josue Isaias M.P. has developed deep roots in the United States. He has been granted deferred action and work authorization, which have not been revoked. These roots strengthen his private interest. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (stating that noncitizens "who have established connections in this country have due process rights in deportation proceedings"); *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) (explaining that noncitizens "receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country"). The first *Mathews* factor weighs strongly in Josue Isaias M.P.'s favor.

***Risk of erroneous deprivation.*** Josue Isaias M.P.'s detention must be reasonably related to its intended purpose. *Zadvydas*, 533 U.S. at 690 (reiterating that detention must

bear a reasonable relation to its purpose). Thus, detaining Josue Isaias M.P. without an individualized bond hearing assessing his flight and security risks poses a danger of a mistaken or unjustified deprivation of liberty. *E.g.*, *Rodriguez v. Frink*, 823 F. Supp. 3d 678, 689–90 (S.D. Tex. 2026); *Bonilla Chicas v. Warden*, 821 F. Supp. 3d 782, 798 (S.D. Tex. 2026); *Chavero v. Bondi*, 818 F. Supp. 3d 836, 844–45 (W.D. Tex. 2025). But Section 1225(b)(2) does not provide Josue Isaias M.P. any procedure to challenge whether his detention serves those purposes; conversely, the probable value of a bond hearing assessing these facts is substantial. And "the practice of automatic termination" of deferred action "creates an unacceptably high risk of erroneous deprivation." *Inland Empire-Immigrant Youth Collective v. Nielsen*, No. EDCV 17-2048 PSG (SHKx), 2018 WL 4998230, at *19 (C.D. Cal. Apr. 19, 2018). Although Josue Isaias M.P. has pending criminal charges, Respondents do not argue that those charges create a security or flight risk. *Restrepo v. Jamison*, 823 F. Supp. 3d 529, 543 (E.D. Pa. 2026) ("Where, as here, the Government has not alleged circumstances that would indicate that [petitioner] poses a danger to the community or is a flight risk, the risk of an erroneous deprivation is higher."). The second *Mathews* factor weighs in favor of Josue Isaias M.P.

***Government interest & burden.*** The government has a strong interest and discretion in enforcing immigration law. *Muñoz*, 602 U.S. at 911–12; *Reno v. Flores*, 507 U.S. 292, 305 (1993) ("Over no conceivable subject is the legislative power of Congress more complete." (citation modified)). Accordingly, the Court weighs "heavily" that "control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). Even so, Respondents have not shown that providing a bond hearing is a burden that outweighs Josue Isaias M.P.'s private interest and the risk of erroneous deprivation; it is not obvious that a bond hearing is particularly burdensome. *Abdirashid H.M. v. Noem*, No. 25-CV-4779 (JRT/EMB), 2026 WL 127698, at *5 (D. Minn. Jan. 9, 2026) ("[A] bond hearing

would impose minimal, if any, financial or administrative burden on Respondents."). Any burden that a bond hearing may impose does not outweigh Josue Isaias M.P.'s strong private interest. *Id.*

Although Respondents' interest here is great, providing Josue Isaias M.P. a bond hearing imposes a minimal burden. And Josue Isaias M.P.'s private interest and the risk of erroneous deprivation of that liberty interest are significant. On balance, the *Mathews* factors weigh in favor of Josue Isaias M.P., and due process requires that he receive a bond hearing.

The Court therefore grants his petition in part, and orders that Respondents provide a bond hearing. In reaching this conclusion, the Court does not predict the outcome of Josue Isaias M.P.'s bond hearing. It does not decide whether Josue Isaias M.P. is or is not a flight risk or whether he does or does not pose a danger to the community. The Court does not concern itself with the answers to those questions. But the Constitution requires that Respondents give Josue Isaias M.P. a process by which to contest those determinations. Without it, his detention violates the Fifth Amendment.

## II. Warrant

Under 8 U.S.C. § 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (quotation omitted). Federal regulations provide that a Form I-200 Warrant of Arrest may be used as a basis for arrest only "[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 236.1(b)(1). A warrant issued

before a notice to appear is invalid because the authority to issue a warrant under Section 236.1(b)(1) is predicated on a Notice to Appear initiating removal proceedings. And if the warrant is invalid, then Petitioner is entitled to release from detention. *See Pedro D.C. v. Blanche*, No. 26-CV-2450 (KMM/DLM), 2026 WL 1759444, at *1–2 (D. Minn. June 18, 2026).

Josue Isaias M.P. raises the validity of the warrant in his reply brief. According to Josue Isaias M.P., the redlined notice to appear was issued after the warrant, so Josue Isaias M.P. is entitled to release. Because Josue Isaias M.P. raised these arguments in his reply, Respondents have not had the opportunity to address it. The Court will thus give Respondents the opportunity to do so. So as to not delay his release, the Court will grant Josue Isaias M.P. a bond hearing and reserve the issue of whether immediate release is warranted.[3]

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

---

[3] Petitioner also argues that he is entitled to release under *Immigration Center for Women & Children v. Noem*, --- F.R.D. ---, No. 2:25-CV-09848-AB-AS, 2026 WL 1455004 (C.D. Cal. May 20, 2026). The Court agrees with other courts in the District that *ICWC* does not entitle Petitioner to relief. *Eliseo C. v. Blanche*, No. 26-CV-2282 (ECT/SGE), slip op. at 15–18 (D. Minn. June 29, 2026), ECF No. 12; *Carlos E.V. v. Blanche*, No. 26-CV-1618 (LMP/DJF), 2026 WL 2150391, at *2–3 (D. Minn. July 27, 2026); *see Kevin J.R.M. v. Blanche*, No. 26-CV-3122 (KMM/JFD), 2026 WL 2230647, at *4 (D. Minn. July 17, 2026), *report and recommendation adopted*, No. 26-CV-3122 (KMM/JFD), 2026 WL 2227793 (D. Minn. Aug. 3, 2026).

1. Petitioner Josue Isaias M.P.'s Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART;

2. Respondents are ordered to provide Josue Isaias M.P. with a constitutionally adequate bond hearing no later than August 20, 2026;

3. Respondents are further ordered that, should the bond hearing result in Josue Isaias M.P.'s release, they must release him from custody:

   a. Inside the State of Minnesota;

   b. At a safe time and place communicated in advance to counsel (Katherine Lourdes Santamaria El Bayoumi; email: kathy@contrerasedinlaw.com; phone: 651-771-0019);

   c. After allowing Petitioner access to a phone to coordinate his release from custody with his preferred party; and

   d. With all Josue Isaias M.P.'s personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cell phone, and keys;

4. Respondents may file a memorandum responding to Petitioner's arguments concerning the warrant by August 19, 2026.

Dated: August 17, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge