**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JOSUE ISAIAS M.P.,

Petitioner,

v.

DAVID EASTERWOOD, Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as acting director of U.S. Immigration and Customs Enforcement; TODD BLANCHE, in his official capacity as acting Attorney General of the United States; JOEL BROTT, Sherburne County Sheriff

Respondents.

Case No. 26-CV-3063 (NEB/JFD)

ORDER

---

Three days ago, the Court granted in part Josue Isaias M.P.'s petition for writ of habeas corpus and ordered a bond hearing. (ECF No. 9.) The Court reserved an issue raised in Josue Isaias M.P.'s reply brief and allowed Respondents the opportunity to brief that issue. (*Id.*) Respondents submitted a brief, so the issue is ready for the Court's adjudication. (ECF No. 10.)

The reserved issue relates to the validity of a Form I-200 arrest warrant. A notice to appear must be issued before or at the same time as an arrest warrant. 8 C.F.R.

§ 236.1(b)(1). If it is not, then the warrant is invalid and the petitioner is entitled to immediate release from detention. *See Pedro D.C. v. Blanche*, No. 26-CV-2450 (KMM/DLM), 2026 WL 1759444, at *1–2 (D. Minn. June 18, 2026).

According to Josue Isaias M.P., Respondents failed to issue a valid notice to appear before issuing the arrest warrant. In 2013, Respondents served a notice to appear with a date and time to be determined. (ECF No. 6-4.) The next month, Josue Isaias M.P. was released on bond. (ECF No. 6-2 at 2.) On June 11, 2026, ICE issued an I-200 arrest warrant. (ECF No. 6-2.) A few weeks later, Respondents served a redlined notice to appear that added a hearing date and time. (ECF No. 6-5.)

Josue Isaias M.P. does not carry his burden on this issue. *See Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) ("Petitioner bears the burden of proving that he is being held contrary to law . . . ." (citation modified)). The first notice to appear initiated the removal proceedings, even if it did not include the date and time of the immigration court hearing. *Yonis Ahmed Ali v. Barr*, 924 F.3d 983, 986 (8th Cir. 2019).[1] The Court struggles to understand how a notice with a date and time to be determined would render the entire process defective.

Josue Isaias M.P. cites *Pereira v. Sessions*, 585 U.S. 210, 221 (2018) and *Campos-Chavez v. Garland*, 602 U.S. 447, 462 (2024), but those cases address different legal issues than the one before the Court. *Pereira* narrowly held that a notice to appear without a time

---

[1] *Id.* ("Ali maintains that, under Pereira, a notice to appear that, like his, does not contain the time and place of his removal proceeding is not valid, and a court utilizing such a notice fails to obtain subject matter jurisdiction at its inception, and so the entire proceedings and any subsequent removal order are invalid. We join the BIA and a unanimous chorus of other circuits that have considered and rejected the argument." (citation modified)).

and date does not trigger the stop time rule under 8 U.S.C. Section 1229b(d)(1). *Yonis Ahmed Ali*, 924 F.3d at 986 ("The *Pereira* Court (and the dissent there, too) also took great pains to emphasize, more than once, that the question before the Court was a narrow one."). And *Campos-Chaves* discusses how a defective notice affects an in absentia proceeding, where a noncitizen fails to appear after receiving a notice to appear; *Campos-Chaves* did not discuss how a redlined notice to appear affects an arrest warrant. 602 U.S. at 450; (ECF No. 7 at 9).

Because Josue Isaias M.P. does not carry his burden on the warrant issue, the Court denies the Petition on that claim. But Josue Isaias M.P. is still entitled to a bond hearing for the reasons discussed in the Court's prior order. (ECF No. 9.)

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, the remaining claims of the Petition for Writ of Habeas Corpus are DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 20, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge